| | | |
|---|---|---|
| SHEILA JARRETT<br>1147 Tyler Avenue<br>Annapolis, Maryland 21403 | *<br><br>* | IN THE<br><br>CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | ANNE ARUNDEL COUNTY |
| | * | |
| CL WATERGATE, LLC<br>C/O CASTLE LANTERRA PROPERTIES<br>One Executive Boulevard<br>Suffern, New York 10901<br>SERVE ON:  Resident Agent<br>VCORP Services MD, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, Maryland 21093 | *<br>*<br><br>*<br><br>*<br><br>* | CASE NO. |
| Defendant | | |

## COMPLAINT – PREMISES LIABILITY

COMES NOW, Sheila Jarrett, Plaintiff, by and through her attorneys Mark Rosasco and Hyatt & Weber, P.A. and files suit against CL Watergate, LLC and for reason states the following:

1.      At all times relevant hereto Plaintiff Sheila Jarrett (hereinafter referred to as "Plaintiff"), was and remains a resident and citizen of Anne Arundel County, Maryland.

2.      To the best of information and belief, at all times relevant hereto, Defendant CL Watergate, LLC (hereinafter referred to as "Defendant") Defendant, was and remains a Maryland limited liability company authorized to do business in the State of Maryland and doing business in Anne Arundel County, Maryland.

3.      CL Watergate was the owner of the property located at 700 Americana Drive, Annapolis, Maryland 21403 at the time of the incident that is the subject of this lawsuit.

**EXHIBIT 1**

4.      This is an action for damages that are in excess of Seventy-Five Thousand Dollars and No Cents ($75,000.00), exclusive of costs and interest.

5.      Plaintiff was residing at the apartment complex owned by Defendant at the premises previously known as Watergate Pointe.  Plaintiff was renting an apartment located at 700 Americana Drive, Annapolis, Maryland.

6.      On February 3, 2021 while Plaintiff was loading a suitcase into her vehicle, parked on the premises, she turned and slipped and fell on ice.

7.      That at the time and place set out above, the parking lot of the property at 700 Americana Drive was an area designated for use by the Plaintiff and other visitors to the property.

8.      The Defendant its employees, agents and assigns knew or should have known in the exercise of reasonable care of the said hazardous and unreasonably dangerous and latent condition.

9.      The Defendant had a duty to eliminate the aforesaid hazardous conditions, or to warn the Plaintiff of the unreasonably dangerous condition, or to rope or close off the area around the icy areas to deploy other reasonable and economical fall prevention methods to prevent a foreseeable fall accident and injury such as what occurred as alleged by the Plaintiff.

10.     That the Defendant and its employees, agents and assigns were negligent in that they:

(a)     Failed to place warning signs in the area to alert visitors to a known, or should be known, fall hazard in the area;

(b)     Failed to provide safe passage for visitors to travel safely to and from the subject premises;

(c) Failed to eliminate the icy condition of the parking lot;

(d) Failed to take any steps to make the area where the Plaintiff fell safe for pedestrian traffic;

(e) Knew or in the exercise of reasonable care should have known that the area where the Plaintiff fell had not been treated with salt or any effort made to in any way properly address or eliminate the hazard and render the area safe for visitors to travel. Defendant and its agents knew or should have known that under the weather conditions that then existed the parking lot needed to be actively and regularly monitored and salted on a proactive basis and that foreseeably a visitor such as the Plaintiff cold be injured as a result of slipping or falling on ice and failed to remedy this condition;

(f) Failed to exercise reasonable care in order to keep the said premises in a reasonably safe condition for persons lawfully upon the premises;

(g) Committed such other and further acts of negligence that may be discovered and proven during trial.

11. As a result of slipping on the ice, Plaintiff suffered serious permanent injuries about her body and limbs and was caused to suffer great mental anguish.

12. Plaintiff, was required to seek medical treatment and to incur medical expenses, past, present and future, including, but not limited to, hospitalization, doctor bills, medications, x-rays and other diagnostic testing, physical therapy, and other related past, present and future medical expenses, in addition to suffering from consequential physical and emotional pain and suffering as a result of this accident.

13. Plaintiff did not take or fail to take any action which caused or contributed to any damage, injury, or harm complained of and did not assume the risk.

14. The negligence of the Defendant, and its employees, agents, and assigns was the proximate cause of the fall and the injuries sustained by the Plaintiff, without any negligence on behalf of the Plaintiff.

WHEREFORE, Plaintiff Sheila Jarrett prays for judgment against Defendant CL Watergate LLC in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with interest from the date of injury to Plaintiff; costs, expert witness fees and such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____
Mark Rosasco (AIS #9006280217)
Hyatt & Weber, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
(410) 266-0626; 410-841-5065 (fax)
mrosasco@hwlaw.com
*Attorney for Plaintiff*